PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

## IN THE UNITED STATES DISTRICT COURT

### FOR THE __EASTERN__ DISTRICT OF TEXAS

### __BEAUMONT__ DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

__WILLIAM HENRY FEARS III__
PETITIONER
(Full name of Petitioner)

__O.B. Ellis Unit__
CURRENT PLACE OF CONFINEMENT

vs.

__01694777__
PRISONER ID NUMBER

__Warden: Kelly Strong__
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

__▆▆▆▆▆▆▆▆__
CASE NUMBER
(Supplied by the District Court Clerk)

---

### INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3.  Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4.  ·If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis,* (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition.  A separate petition must be filed to challenge a judgment entered by a different state court.

6.  Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.  Mail the completed petition and one copy to the U. S. District Clerk.  The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices.  The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.  Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?**  (Check all that apply)

☑ A judgment of conviction or sentence, probation or deferred-adjudication probation.  (Answer Questions 1-4, 5-12 & 20-25)
☐ A parole revocation proceeding.  (Answer Questions 1-4, 13-14 & 20-25)
☐ A disciplinary proceeding.  (Answer Questions 1-4, 15-19 & 20-25)
☐ Other:_____  (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.  Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

    THE 260TH DISTRICT COURT

    ORANGE County TEXAS

2.  Date of judgment of conviction: FEBRUARY 3, 2011

3.  Length of sentence: THREE - Forty (40) years Sentences run Concurrently.

4.  Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: D 090703 AR

    INTOXICATION ASSAULT     49.07 Penal Code

Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:

5.   What was your plea? (Check one)   ☐ Not Guilty   ☑ Guilty   ☐ Nolo Contendere

6.   Kind of trial: (Check one)   ☐ Jury   ☐ Judge Only

7.   Did you testify at trial?   ☐ Yes   ☐ No

8.   Did you appeal the judgment of conviction?   ☐ Yes   ☑ No

9.   If you did appeal, in what appellate court did you file your direct appeal? _____

_____   Cause Number (if known): _____

What was the result of your direct appeal (affirmed, modified or reversed)? _____

What was the date of that decision? _____

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Grounds raised: _____

_____

Result: _____

Date of result: _____   Cause Number (if known): _____

If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

Result: _____

Date of result: _____

10.   Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal?  This includes any state applications for a writ of habeas corpus that you may have filed.   ☑ Yes   ☐ No

11.   If your answer to 10 is "Yes," give the following information:

Name of court: THE 260TH DISTRICT COURT ORANGE COUNTY, TEXAS

Nature of proceeding: The District Court forwarded my Writ to Texas Criminal Court Appeal

Cause number (if known): D 090703 AR

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: AUGUST 6, 2020

Grounds raised: Texas Penal Code doesn't have enacting clause / 2.) Court lacked Subject Matter Jurisdiction
3) Prosecutor failed to have the charges certified Constitutional by the Supreme Court of Texas

Date of final decision: 10/7/2020

What was the decision? denied without written order

Name of court that issued the final decision: COURT OF CRIMINAL APPEALS OF TEXAS,

As to any second petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.   Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☑ No

(a)   If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

(b)   Give the date and length of the sentence to be served in the future: _____

_____

(c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   ☐ Yes   ☐ No

**Parole Revocation:**

13.    Date and location of your parole revocation: _____

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?
    ☐ Yes   ☐ No

16.    Are you eligible for release on mandatory supervision?   ☐ Yes   ☐ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
    _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

18.    Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time days?   ☐ Yes   ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
    _____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    _____

    _____

    _____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    ☐ Yes   ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    <u>Step 1</u>  Result: _____

Date of Result: _____

Step 2  Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Summarize briefly the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.    **GROUND ONE:** Texas Penal Code 49.07 doesn't have enacting clause prescribed by the Constitution of Texas.

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

The indictment Applicant is charged with fails to charge him with an "Offence" which conforms to the const. requisites set by Texas Constitution that all laws of Texas contain the enacting clause "Be it enacted by the legislature of the state of Texas" (continued on additional page)

B.    **GROUND TWO:** The 260th District Trial Court lacked subject matter jurisdiction over the offense.

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

In order to charge applicant with an offense which would provide a trial court jurisdiction over the offense. The face of the charging instrument must contain the offense, a chapter number, a section, the senate Bill number,

(additional pages for grounds 1 and 2 are behind this page)  (continued on additional page)

Ground One (continue)

without such clause the act or offense has no force or effect of Law. The offense Applicant has been charged violating is cited as "Intoxication Assault (49.07)". The Texas Penal Code is published by West Publication Company of St. Paul Minn. is a private Company of a foreign state whose work is copywrited under title 17 of the United States codes. The official laws of the State of Texas are listed as "Sessions", "General", "Special" laws and are published by the Secretary of State of the State of Texas as required by the Constitution of Texas whose job requires he shall authenticate the publication of the laws passed by the legislature and signed by the govenor. West Texas Penal Code Contains no authentication of the Secretary of State of Texas declaring the laws published therein are Valid laws of the State of Texas passed by the legislature in accordance with Texas Const. and signed by the govenor of Texas. The law cited from "West Texas Penal Code" are unamed and show no authority on their Face which Would make a citizen unobligated to obey these laws, nor empower this trial court to enforce these laws because the only laws enforcable must be shown enacted by the Texas Legislature in accord with Tx. Const. A law constructed Constructed in any other form than those modes or forms prescribed by the Constitution are invalid. The issue for of Subject matter jurisdiction for this cause squarely rest upon whether the offense applicant is charged with Violating Comports to the following provisions of the Texas Constitution. The 260th District Court Trial court has obtained no subject matter jurisdiction; where the applicant has not been charged with violating a state legislative law, any judgment by this court other than one of dismissal and release is null and void.

END.

<u>Ground two Continued</u>

a title describing the body of law and conclude with
"Be it enacted by the legislature of the State of Texas"
before proceeding into the specific elements of the
offense to be proven at trial. The ~~indirect~~ indictment
in applicants case contain none of these requisites.
where the instrument in the current case lacks proof
a grand jury passed upon or approved of what the
prosecutor of Orange County Tx. has written on the
document, said document fails to comport with
the Constitutional and Statutory requisites of an
indictment and deprives the District court of
jurisdiction of the subject matter So this court
Can proceed no further than to dismiss the
Charge and order applicant released.

End.

C.   GROUND THREE: Prosecuter failed to have the charges certified constitutional by the Supreme Court of Texas

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Every Codified law must be certified as constitutional by the Supreme Court of Texas before it can be implemented. There's no constitutionality of the act that I am charged with violating. Where the law in this case does not exist or does not Constitutionally exist, or where the law is invalid, void ~~or~~ or unconstitutional there's no subject matter jurisdiction to try one for an offense under such law.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

21.   Relief sought in this petition: The petitioner seeks that the charges be dismissed, and the petitioner be released, and or any other relief to which petitioner may be entitled. For where there is no actual law, there can be no actual guilt, therefore the con-clusion would be ~~actual innocense~~. actual innocence. Dissmissed and released under actual innocence.

22.　Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?　☐ Yes　☑ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?　☐ Yes　☐ No

23.　Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes　☑ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

24.　Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?　☐ Yes　☑ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25.　Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)　At preliminary hearing: _____

(b)　At arraignment and plea: GREG E. DUMAS 1601 MAIN St, Orange Tx. 77630

(c)　At trial: _____

(d)　At sentencing: GREG E. DUMAS 1601 MAIN St, Orange Tx. 77630

(e)　On appeal: _____

(f)　In any post-conviction proceeding: _____

(g)      On appeal from any ruling against you in a post-conviction proceeding: _____

**Timeliness of Petition:**

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

Newly Available Evidence Subject Matter Jurisdiction may be brought at anytime, it cannot be Conferred by waiver or consent and may be raised at any time. The offense charged does not exist.

_____

[1]    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)      A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_October 29, 2020_____ (month, day, year).

Executed (signed) on _10 - 29 · 20_____ (date).

_William H. Fears III #1694777_
Signature of Petitioner (required)

Petitioner's current address: _O.B. Ellis Unit  1691 F.M. 980_
_Huntsville Tx. 77343_

May the Lord bless thee!

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

WILLIAM HENERY FEARS, III          §
    Petitioner,                    §
                    §
vs.                                §          C.A. NO._____
                    §
LORIE DAVIS, TDCJ Director         §
Texas Department of Criminal       §
Justice Institutional Division     §
    Respondent.                    §

MEMORANDUM AND MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION

     COMES NOW THE ACCUSED denying and challenging the jurisdiction
of the above entitled cause, for the reasons explained in the follow-
ing memorandum:

MEMORANDUM OF LAW

I.

THE NATURE OF SUBJECT MATTER JURISDICTION

     The Jurisdiction of a court over the subject matter has been
said to be essential,necessary, indispensable and an elementary
prerequisite to the exercise of judicial power. 21 C.J.S. "Court,"
§ 18. p. 25. A Court cannot proceed with a trial or make a judgment
without such jurisdiction existing.

     It is elementary that the jurisdiction of the court over the
subject matter of the action is the most critical aspect of the
court's authority to act. Without it the court lacks any power to
proceed; therefore, a defense based upon this lack cannot be waived
and may be asserted at any time. Matter of GREEN 313 S.E. 2d 193
(N.C. App. 1984).
Subject matter jurisdiction cannot be conferred by waiver or
consent, and may be raised at anytime. RODRIGUES, 411 So. 2d 1129
(Fla. App. 1983). The subject matter jurisdiction of a criminal case is
related to the cause of action in general, and specifically to the
alleged crime or offense which creates the action.

     The subject matter of a criminal offense is the crime itself.
Subject matter in its broadest sense means the cause; the object; the
thing in dispute. STILLWELL V. MARKHAM, 10 P. 2d. 15, 16 Kan. 206 (1932).

     An indictment or complaint in a criminal case is the main means
by which a court obtains subject matter.

I.

2

jurisdiction, and is "the jurisdictional instrument upon which the accused stands trial," State v. Chatmon 671 P.2d 531,538 (Kan. 1983). The complaint is the foundation of the jurisdiction of the magistrate or court. Thus if these charging instruments are invalid, there is a lack of subject matter jurisdiction.

Without a formal and sufficient indictment or information, a court does not acquire subject matter jurisdiction and thus an accused may not be punished for a crime. Honomichl v. State 333 N.W. 2d 797,798 (S.D. 1983).

A formal accusation is essential for every trial of a crime. Without it the court acquires no jurisdiction to proceed, even with the consent of the parties, and where the indictment or information is invalid the court is without jurisdiction. Ex Parte Carlson 186 N.W. 722,725, 176 Wis.538 (1922).

Without a valid complaint any judgment or sentence rendered is "void ab initio" Ralph v. Police court of El Cerrito 190 P.2d 632, 634, 84 Cal. App.2d 257 (1948).

Jurisdiction to try and punish for a crime cannot be acquired by the mere assertion of it, or invoked otherwise than in the mode prescribed by law, and if it is not so acquired or invoked any judgment is a nullity. 22 C.J.S., "Criminal law" §167,p.202.

The charging instrument must not only be in the particular mode or form prescribed by the constitution and statute to be valid, but it also must contain reference to valid laws. Without a valid law, the charging instrument is insufficient and no subject matter jurisdiction exists for the matter to be tried.

Because "...a legal indictment duly presented by a legal grand jury is an indispensable...it is jurisdictional and without one the court is powerless to act beyond dismissing the case..." Ex Parte Cannon 546 SW2d 266 (1976); Reese v. State 151 SW2d 828 (1941); Rainey v. State 19 Tex.App. 479 (1885); Lott v. State 18 Cr.R. 667 (1885).

Whether or not the complaint charges an offense is a jurisdictional matter. Ex Parte Carlson, supra.

Invalid laws charged against one in a criminal matter also negates subject matter jurisdiction by the shear fact that they fail to create a cause of action. "Subject matter is a thing in controversy." Holmes v. Mason 115 N.W. 770,80 Neb. 454, citing Blacks law Dictionary. Without a valid law, there is no issue or controversy for a court to decide upon. Thus, where a law does not exist or does not constitutionally exist, or where the law is invalid, void or

3

unconstitutional, there is no subject matter jurisdiction to try one for an offense alleged under such a law.

If a criminal statute is unconstitutional, the court lacks subject-matter jurisdiction and cannot proceed to try the case. 22 C.J.S. "Criminal law," §157,p.189; citing People v. Katrinak, 185 Cal.Rptr.869,136 Cal.App.3d 145 (1982).

Where the offense charged does not exist, the trial court lacks jurisdiction, State v. Christensen, 329 N.W.2d 382,383, 110 Wis.2d 538 (1983).

Not all statutes create a criminal offense. Thus where a man was charged with "a statute which does not create a criminal offense," such person was never legally charged with any crime or lawfully convicted because the trial court did not have "jurisdiction of the subject matter," State ex rel. Hansen v. Rigg,258 Minn.388, 104 N.W.2d 553 (1960). There must be a valid law in order for a subject matter to exist.

In a case where a man was convicted of violating certain sections of some laws, he later claimed that the laws were unconstitutional which deprived the county court of jurisdiction to try him for those offenses. The supreme court of Oregon held:

If these sections are unconstitutional, the law is void and an offense created by them is not a crime and a conviction under them cannot be a legal cause of imprisonment, for no court can acquire jurisdiction to try a person for acts which are made criminal only by an unconstitutional law. Kelly v. Meyers 263 Pac.903, 905 (Ore.1928).

Without a valid law there can be no crime charged under that law, and where there is no crime or offense there is no controversy or cause of action, and without a cause of action there can be no subject matter jurisdiction to try a person accused of violating said law. The court then has no power or right to hear and decide a particular case involving such invalid or nonexistent laws.

These authorities and others make it clear that if there are no valid laws charged against a person, there is nothing that can be deemed a crime, and without a crime there is no subject matter jurisdiction. Further, invalid or unlawful laws make the complaint fatally defective and insufficient, and without a valid complaint there is a lack of subject matter jurisdiction.

The accused asserts that the laws charged against him are not valid, or do not constitutionally exist as they do

4

not conform to certain constitutional prerequisites, and thus are no laws at all, which prevents subject matter jurisdiction to the above-named court.

The indictment in question allege that the Accused has committed a crime by the violation of a certain law which is listed in the Indictment, to wit: ~~Capital murder~~, TPC ~~19.03~~.
*Intoxication Assault*  **49.07**

I have been informed that this law or statute used in the Indictment against myself are located in and derived from a collection of books titled "Texas Penal Code" Upon looking up these laws in this publication, I realized that they did not adhere to several constitutional provisions of the Texas Constitution.

By Article 3 of the Constitution of Texas (1876), all lawmaking authority for the State is vested in the Legislature of Texas. This article also prescribes certain forms, modes and procedures that must be followed in order for a valid law to exist under the Constitution. It is fundamental that nothing can be a law that is not enacted by the Legislature prescribed in the Constitution, and which fails to conform to constitutional forms, prerequisites or prohibitions. These are the grounds for challenging the subject matter jurisdiction of this court, since the validity of a law on a complaint or indictment goes to the jurisdiction of a court. The following explains in authoritative detail why these laws cited in the Indictment against the Accused is not constitutionally valid law.

II

BY CONSTITUTIONAL MANDATE, ALL LAWS
MUST HAVE AN ENACTING CLAUSE.

One of the required forms that all laws are required to follow by the constitution of Texas 1876, is that they contain an enacting style or clause. This provision is as follows.

Article 3, §29. The style of all laws of this state shall be "Be it enacted by the Legislature of the State of Texas.

The law cited in the Indictment against the Accused, as found in the Texas Penal Code 1994, does not contain any enacting clause.

The constitutional provision which prescribes an enacting clause for all laws is not directory, but is mandatory. This provision is to be strictly adhered to as asserted by the Interpretative commentary of article 3 § 29,

5

Tx. Constitution; "This mandate acts as a limitation on the power of the Legislature, and, if not complied with, that bodys acts do not have the force and effect of law. National Biscuit Co. v. State Civ.App. 129 SW2d 494 (1939); American Indemnity Co. v. City of Austin 112 T. 239, 246 SW 1019 (1922).

III

## WHAT IS THE PURPOSE OF THE CONSTITUTIONAL PROVISION FOR AN ENACTING CLAUSE?

To determine the validity of using laws without an exacting clause against citizens, we need to determine the purpose and function of an enacting clause; and also to see what problems or evils were intended to be avoided by including such a provision in our State Constitution. One object of the constitutional mandate for an enacting clause is to show that the law is one enacted by the Legislative body which has been given the lawmaking authority under the constitution.

The purpose of thus prescribing an enacting clause-"the style of the acts"- is to establish it; to give it permanence, uniformity, and certainty; to identify the act of legislation as of the general assembly; to afford evidence of its legislative statutory nature; and to secure uniformity of identification, and thus prevent inadvertence, possibly mistake and fraud. State v. Patterson, 4 S.E. 350,352. 98 N.C. 660 (1887); 82 C.J.S. "Statutes" §65, p. 104; Joiner v. State 155 S.E.2d 8,10, 223 Ga. 367 (1967).

What is the object of the style of a bill or enacting clause anyway? to show the authority by which the bill is enacted into law,; to show that the act comes from a place pointed out by the constitution as the source of legislation. Ferrill v. Keel 151 S.W. 269,272, 105 Ark.380 (1912).

To fulfill the purpose of identifying the lawmaking authority of a law, it has been repeatedly declared by the courts of this land that an enacting clause is to appear on the face of every law which the people are expected to follow and obey.

The almost unbroken custom of centuries has been to preface laws with a statement in some form declaring the enacting authority. The purpose of an enacting clause of a statute is to identify it as an act of legislation by expressing on its face the authority behind the act. 73 Am. Jur.2d "Statutes" § 93,p.319,320; Preckel v. Byrne 243 N.W. 823, 825, 62 N.D. 356 (1933).

for an enacting clause to appear on the face of a law, it must be recorded or published with the law so that the public can readily identify the authority for that particular law they are to follow. The "statute" used in the Indictment against the accused have no enacting clauses. They thus cannot be identified as acts of legislation of the State of Texas pursuant to its lawmaking authority under Article 3 of the constitution of Texas 1876., since a law is mainly identified as a true and constitutional law by way of its enacting clause. The Supreme court of Georgia asserted that a statute must have an enacting clause, even though their State constitution had no provision for the measure. The court stated that an enacting clause establishes a law or statute as being a true and authentic law of the state;

The enacting clause is that portion of a statute which gives it jurisdictional identity and constitutional authenticity. Joiner v. State 155 S.E.2d 8,10 (Ga. 1967).

The failure of a law to display on its face an enacting clause deprives it of essential legality, and renders a statute which omits such clause as "a nullity and of no force of law." Joiner v. State, supra. The statue cited in the Indictment has no jurisdictional identity and are not authentic laws under the constitution of Texas.

The court of Appeals of Kentucky held that the constitutional provision requiring an enacting clause is a basic concept which has a direct affect upon the validity of a law. The court, in dealing with a law that had contained no enacting clause, stated:

The alleged act or law in question is unnamed; it shows no sign of authority; it carries with it no evidence that the General Assembly or any other lawmaking power is responsible or answerable for it....By an enacting clause the makers of the constitution intended that the General Assembly should make its impress or seal, as it were, upon each enactment for the sake of identity, and to assume and show responsibility....While the constitution makes this a necessity, it did not originate it. The custom is in use practically everywhere, and is as old as parliamentary government, as old as King's decrees, and even they borrowed it. The decrees of Cyrus, King of Persia, which Hole writ records, were not the first to be prefaced with a statement of authority. The law was delivered to Moses in the name of the Great I Am, and the prologue to the Great Commandments is no less majestic and impelling. But, whether these edicts and commands be promulgated by the Supreme ruler or by petty kings, or by the sovereign people themselves, they have always begun with some such form as evidence of power and authority. Commonwealth v. Illinois Cent. R. Co. 170 S.W. 171,172,175,160 Ky,746 (1914).

7

The "law" used against the accused are unnamed. They show no sign of authority on their face as recorded in the Texas Penal Code. They carry with them no evidence that the Legislature of Texas, pursuant to Article 3 of the constitution of Texas 1876, is responsible for these laws. Without an enacting clause these laws referenced to in the indictment have no official evidence that they are from an authority which I am subject to or required to obey.

When the question of the "objects intended to be secured by the enacting clause provision" was before the Supreme Court of Minnesota, the court held that such a clause was necessary to show to the people who are to obey the law the authority for their obedience. It was revealed that historically this was a main use for an enacting clause, and thus its use is a fundamental concept of law. The court stated:

All written laws, in all times and in all countries, whether in the form of decrees issued by absolute monarchs, or statutes enacted by king and council, or by a representative body, have, as a rule, expressed upon their face the authority by which they were promulgated or enacted. The almost unbroken custom of centuries has been to preface laws with a statement in some form declaring the enacting authority. If such an enacting clause is a mere matter of form, a relic of antiquity, serving no useful purpose, why should the constitutions of so many of our states require that all laws must have an enacting clause, and prescribe its form. If an enacting clause is useful and important, if it is desirable that laws shall bear upon their face the authority by which they are enacted, so that the people who are to obey them need not search legislative and other records to ascertain the authority, then it is not beneath the dignity of the framers of a constitution, or unworthy of such an instrument, to prescribe a uniform style for such enacting clause.

The words of the constitution, that they style of all laws of this state shall be, "Be it enacted by the Legislature of the State of Minnesota," imply that all laws must be so expressed or declared, to the end that they may express upon their face the authority by which they were enacted; and, if they do not so declare, they are not laws of this state Sjobert v. Security Savings and loan Assn. 73 Minn. 203, 121-214 (1898).

The purported law in the indictment, which the accused is said to have violated, are referenced to law found printed in the Texas Penal Code book. I have looked up the law charged against me in this book and found no enacting clause for any law. A citizen is not expected or required to search through other records or books for the enacting authority. If such enacting authority is not "on the face"

8

of the law which are reference to in the indictment, then "they are not laws of the state;" and thus are not laws I am subject to. Since they are not laws of this state, the above-named court has no subject matter jurisdiction, as there can be no crime which can exist from failing to follow law which does not constitutionally exist.

In speaking on the necessity and purpose for each law to be prefaced with an enacting clause, the Supreme Court of Tennessee quoted the first portion of the sjoberg case cited above, then stated:

The purpose of provisions of this character is that all statutes may bear upon their face a declaration of sovereign authority by which they are enacted and declared to be the law, and to promote and preserve uniformity in legislation. Such clauses also import a command of obedience and clothe the statute with a certain dignity, believed in all times to command respect and aid in the enforcement of laws. State v. Barrow 104 S.W. 526,529,119 Tenn. 376 (1907).

The use of an enacting clause does not merely serve as a "flag" under which bills run the course through the legislative machinery. Vaughn and Ragsdale Co. v. State Ed of Eq. 96 P.2d 420,424(Mont. 1939). The enacting clause of a law goes to its substance, and is not merely procedural. Morgan v. Murray 328 P.2d 644,654 (Mont. 1958).

Any purported statute which has no enacting clause on its face, is not legally binding and obligatory upon the people, as it is not constitutionally a law at all. The Supreme court of Michigan, in citing numerous authorities, said that an enacting clause was a requisite to a valid law since the enacting provision was mandatory:

It is necessary that every law should show on its face the authority by which it is adopted and promulgated, and that it should clearly appear that it is intended by the legislative power that enacts it that it should take effect as a law. People v. Dettenthaler, 77 N.W. 450,451, 118 Mich. 595,(1898); Citing Swann v. Buck 40 Miss 270

.   The law in the Texas Penal Code does not show on its face the authority by which they are adopted and promulgated. There is nothing on their face which declares they should be law, or that they are of the proper legislative authority in this state.

These and other authorities then all hold that the enacting clause of a law is to be "on its face." It must appear directly above the content or body of the law. To be on the face of the law does not and cannot mean that the enacting clause can be buried away in some other volume or some other book or record.

9

Face: The surface of anything, especially the front, upper, or outer part or surface. That which particularly offers itself to the view of a spectator. That which is shown by the language employed, without any explanation, modification, or addition from extrinsic facts or evidence. Black's law dictionary, 5th ed., p.350.

The enacting clause must be intrinsic to the law, and not "extrinsic" to it, that is, it cannot be hidden away in other records or books. Thus the enacting clause is regarded as part of the law, and has to appear directly with the law, on its face, so that one charged with said law knows the authority by which it exists.

IV

LAWS MUST BE PUBLISHED AND RECORDED
WITH ENACTING CLAUSES.

Since it has been repeatedly held that an enacting clause must appear "on the face" of a law, such a requirement affects the printing and publishing of laws. The fact that the constitution requires "all laws" to have an enacting clause makes it a requirement on not just bills within the legislature, but on published laws as well. If the constitution said "all bills" shall have an enacting clause, it probably could be said that their use in publications would not be required. But the historical usage and application of an enacting clause has been for them to be printed and published along with the body of the law, thus appearing "on the face" of the law.

It is obvious, then, that the enacting clause must be readily visible on the face of the statute in the common mode it is published so that citizens don't have to search through the legislative journals or other records and books to see the kind of clause used, or if any exists at all. Thus a law in a statute book without an enacting clause is not a valid publication of law. In regards to the validity of a law that was found in their statute books with a defective enacting clause, the Supreme court of Nevada held:

Our constitution expressly provided that the enacting clause of every law shall be, "The people of the state of Nevada, represented in senate and assembly, do enact as follows." This language is susceptible of but one interpretation. There is no doubtful meaning as to the intention. It is, in our judgment, an imperative mandate of the people, in their sovereign capacity, to the legislature, requiring that all laws, to be binding upon them, shall, upon their face, express the authority by which they were enacted; and, since this act comes to us without such

10

authority appearing upon its face, it is not a law." State
of Nevada v. Rogers, 10 Nev. 120,261 (1875); approved in
Caine v. Robbins 131 P.2d 516,518, 61 Nev. 416 (1942);
Kefauver v. Spurling 290 S.W. 14,15 (Tenn 1926).

It should be noted that laws in the above cases were
held to be void for having no enacting clauses despite the
fact that they were published in an official statute book of
the State, and were next to other laws which had the proper
enacting clause.

The preceding examples and declarations on the use and
purpose of enacting clauses shows beyond doubt that nothing
can be called or regarded as a law of this state which is
published without an enacting clause on its face. Nothing
can exist as a State law except in the manner prescribed by
the State constitution. One of those provisions is that "all
laws" must bear on their face a specific enacting style-"Be
it enacted by the Legislature of the State of Texas"
(Tx. Const. Art. 3 §29). All laws must be published with
this cause to be valid laws, and since the "statutes" in the
Texas Penal Code" are not so published, they are not valid
laws of this state.


V

THE LAWS REFERENCED TO IN THE
INDICTMENT CONTAIN NO TITLES.


The law listed in the indictment in question, as cited
from the "Texas Penal Code" also contain no titles. All laws
are to have titles indicating the subject matter of the law,
as required by the Constitution of Texas:

Article 3 §35. No Bill shall contain more than one
subject, which... (b) shall be expressed in its title.

By this provision a title is required to be on all
laws. The title is another one of the forms of a law
required by the constitution. This type of constitutional
provision "makes the title an essential part of every law,
"thus the title "is as much a part of the act as the body
itself." Leininger v. Alger, 26 N.W.2d 348,351, 316
Mich. 644 (1947).

The title to a legislative act is a part thereof, and
must clearly express the subject of legislation. State
v. Burlington and M.R.R.Co., 60 Neb 741,84 N.W. 254 (1900)


Nearly all legal authorities have held that the title
is part of the act, espicially when a constitutional

11

provision for a title exists. 37 A.L.R. Annotated,
pp. 948-949. What then can be said of a law in which an
essential part of it is missing, except that it is not a law
under the State constitution.

This provision of the State constitution providing
that every law is to have a title expressing one subject is
mandatory and is to be followed in all laws, as stated by
the Supreme Court of Minnesota:

We pointed out that our constitutional debates
indicated that the constitutional requirements relating to
enactment of statutes were intended to be remedial and
mandatory,-remedial, as guarding against recognized evils
arising from loose and dangerous methods of conducting
legislation, and mandatory, as requiring compliance by the
legislature without discretion on its part to protect the
public interest against such recognized evils, and that the
validity of statutes should depend on compliance with such
requirements....Duil v. King 285 N.W. 311,313 (Minn. 1939).

The constitutional provisions for a title have been
held in many other states to be mandatory in the highest
sense. State v. Beckman 185 S.W.2d 810,816 (Mo. 1945);
Leiniger v. Alger, 26 N.W.2de 384,316 Mich.644; 82
C.J.S. "Statutes" §64,p. 102. The provision for a title in
the constitution "renders a title indispensable" 73
Am.Jur.2nd, "Statutes" §99,p.325, citing People v. Monroe
349 Ill. 270, 182 N.E. 439. Since such provisions regarding
a title are mandatory and indispensable, the existence of a
title is necessary to the validity of the act. If a title
does not exist, then it is not a law pursuant to Art. 3 §29
of the constitution of Texas 1876. In speaking of the
constitutional provision requiring one subject to be
embraced in the title of each law, the Supreme court of
Tennessee stated:

That requirement of the organic law is mandatory, and,
unless obeyed in every instance, the legislation attempted
is invalid and of no effect whatever. State v. Yardley 32
S.W. 481,482, 95 Tenn. 546 (1895).

To further determine the validity of citing laws in a
indictment which have no titles, we must also look at the
purpose for this constitutional provision, and the evils and
problems which it was intended to prevent or defeat.

One of the aims and purposes for a title or caption to
an act was to convey to the people who are to obey it the
legislative intent behind the law.

The constitution has made the title the conclusive
index to the legislative intent as to what shall have
operation. Magin v. City of Deluth, 105 N.W. 89,90, 97

12

Minn. 23 (1906); Hyman v. State 9 S.W. 372, 373, 87
Tenn. 109 (1888).

In ruling as to the precise meaning of the language
employed in a statute, nothing, as we have said before, is
more pertinent towards ascertaining the true intention of
the legislative mind in the passage of the enactment than
the legislature's own interpretation of the scope and
purpose of the act, as contained in the caption. Wimberly
v. Georgia S. and F.R.Co. 63 S.E. 29,5 Ga. App. 263 (1908).

Under a constitutional provision...requiring the
subject of the legislation to be expressed in the title,
that portion of an act is often the very window through
which the legislative intent may be seen. State v. Clinton
county, 76 N.E. 985, 166 Ind. 162.(1906).

The title of an act is necessarily a part of it, and in
construing the act the title should be taken into
consideration. Glaser v. Rothschild 120 S.W. 1, 221 Mo. 180
(1909).

The purpose of Art. 3 §35, Tx. Const. is to require the
bill advise both legislature and public of the nature
thereof, Eck v. Eck, Civ. App. 1940, 145 SW2d 231, error
dismissed; and to prevent inclusion in the body of the act
surreptitiously or otherwise matters not shown in the title,
Nat'l. biscuit Co. v. State civ.App. 1939, 129 S.W. 2d 494,
Reversed other grounds 134 Tex. 293, 135 SW2d 687.

Without the title the intent of the legislature is
concealed or cloaked from public view. Yet a specific
purpose or function of a title to a law is to "protect the
people against covert legislation" Brown v. Clover, 166
S.E.2d 363,365, 225 Ga. 165 (1969). A title will reveal or
give notice to the public of the general character of the
legislation. However, the nature and intent of the "law" in
the Texas Penal Code have been concealed and made uncertain
by its nonuse of titles. The true nature of the subject
matter of the laws therein is not made clear without
titles. Thus another purpose of the title is to appraise the
people of the nature of legislation, thereby preventing
fraud or deception in regard to the laws they are to
follow. The U.S. Supreme court in determining the purpose of
such a provision in state constitutions said"

The purpose of the constitutional provision is to
prevent the inclusion of incongruous and unrelated matters
in the same measure and to guard against inadvertence,
stealth and fraud in legislation....Courts strictly enforce
such provisions in cases that fall within the reasons on
which they rest,...and hold that, in order to warrant the
setting aside of enactments for failure to comply with the

rule, the violation must be substantial and plain. Posados
v. Warner B. and Co, 279 U.S. 340, 344 (1928); also
Internat. Shoe Co. v. Shartel 279 U.S. 429,434 (1928).

The complete omission of a title is about as
substantial and plain of a violation of this constitutional
provision that can exist. The law cited in the Indictment
against the Accused are of that nature. They have no titles
at all, and thus are not laws under our state constitution.

The supreme Court of Idaho in construing the purpose
for its constitutional provision requiring a one-subject
title on all laws stated:

The object of the title is to give a general statement
of the subject-matter, and such a general statement will be
sufficient to include all provisions of the act having a
reasonable connection with the subject-matter
mentioned...The object or purpose of the clause in the
constitution...is to prevent the perpetration of fraud upon
the members of the legislature or the citizens of the state
in the enactment of laws. Ex Parte Crane 151 Pac. 1006,
1010,1011, 27 Idaho 671 (1915).

The Supreme court of North Dakota in speaking on its
constitutional provision requiring titles on laws stated
that, "This provision is intended...to prevent all surprises
or misapprehensions on the part of the public." State
v. McEnroe 283 N.W. 57,61 (N.D. 1938).

The purpose of the constitutional provision requiring a
one-subject title, and the mischiefs which it was designed
to prevent, are defeated by the lack of such a title on the
face of a law which a citizen is charged with
violating. Upon looking at the law charged in the Indictment
from the Texas Penal code, I am left asking, what is the
subject and nature of the laws used in the Indictment
against myself? What interests or rights are those laws
intended to affect? Since the particular objects of the
provision requiring a one-subject title are defeated by the
publication of laws which are completely absent of a title,
the use of such a publication to indict citizens with
violating such laws is fraudulent and obnoxious to the
constitution.

Judge Cooley says the object of requiring a title is to
"fairly apprise the people, through such publication of
legislative proceedings as is usually made, of the subjects
of legislation that are being considered." Cooley,
Const. Lim.,p.144. The state constitution requires
one-subject titles. The particular ends to be accomplished
by requiring the title of a law are not fulfilled in the
statutes referred to in the Texas Codes. Thus the law
charged in the Indictment against me is not valid law.

14

VI

### THE TEXAS STATUTES ARE OF AN UNKNOWN
### AND UNCERTAIN AUTHORITY.

The so called "statutes" in the Texas Penal Code are not only absent enacting clauses, but are surrounded by other issues and facts which make their authority unknown or uncertain or questionable.

The title page of the Texas Penal Code states that the statutes therein were compiled, edited, and published by West Publishing Company with the assistance of the Texas Bench and Bar, the staff of the Legislative council and other State officials. The official laws of this state had always been listed in the "Session Laws" of Texas. The title page to the sessions laws make it clear as to the laws therein, to wit-"Session laws of the state of Texas passed during the 73rd session of the State Legislature."

The Sessions laws were also published by the secretary of State, who historically and constitutionally was in possession of the enrolled bills of the legislature which became state law. The constitution of Texas, article IV, sec. 21,(1876) require that every bill which passed both the Senate and House, and signed by the governor, was to be deposited "in the office of Secretary of State for preservation." Thus in this state, as in nearly all other states, all official laws, records, and documents were universally recognized by their being issued or published by the Secretary of State.

The Texas codes are published by West Publication company and are also copyrighted by that company. The Sessions laws were never copyrighted as they were a true public document. In fact no true public document of this state or any state or of the United States has been or can be under a copyright. Public documents are in the public domain. A copyright infers a private right over the contents of a book, suggesting that the laws in the Texas Codes are derived from a private source, and thus are not true public laws.

The Texas Penal code is apparently a revision, which was first published in 1974. The Texas Penal code appears to be nothing more than a reference book, the contents of which cannot be used as a law in charging citizens with crimes on indictment for it is not at all made certain they are laws pursuant to Article 3 of the Constitution of Texas. That which is uncertain cannot be accepted as true or valid in law. Law.

Uncertain things are held for nothing. Maxim of Law

15

The law requires, not conjecture, but certainty. Coffin
v. Ogan, 85 U.S. 120,124.

Where the law is uncertain, there is no law. Bouviers
Law Dictionary, vol. 2, "Maxims" 1880 edition.

The purported statutes in the Texas Penal code do not
make it clear by what authority they exist. The statutes
therein have no enacting authority on their face. The
statute used against the Accused are just idle words which
carry no authority of any kind on their face.


VII

ESTABLISHED RULES OF
CONSTITUTIONAL CONSTRUCTION


The issue of subject matter jurisdiction for this case
thus squarely rests upon certain provisions of the
constitution of Texas (1876), to wit:

Article 3 sec. 29. The style of all laws of this State
shall be: "Be it enacted by the Legislature of the
State of Texas.

Article 3 sec.35. No law shall embrace more than one
subject, which shall be expressed in its title.

These provision are not in the least ambiguous or
susceptible to any other interpretation than their plain and
apparent meaning. The Supreme Court of Montana in construing
such provisions said that they were "so plainly and clearly
expressed and are so entirely free from ambiguity," that
"there is nothing for the court to construe" Vaughn and
Ragsdale Co. v. State Bd. of Eq., 96 P.2d 420,423,424.

It is certain that the plain and apparent language of
these constitutional provisions are not followed in the
publication known as the Texas Penal Code which contains no
titles and no enacting clauses, and thus it is not and
cannot be used as the law of this State under our
constitution. No language could be plainer or clearer than
that used in Article 3 sec. 29 and sec.35 of our
constitution. There is no room for construction. The
contents of these provisions were written in ordinary
language, making their meaning self-evident. As the Supreme
Court of Texas has declared, "When the constitution provides
and commands a thing shall be done, the matter must be done
as directed and neither the Legislature, Executive, nor the
courts have authority to set-aside the mandates. Alvarado
v. State 88 Cr.R. 181, 203 SW 322.

16

No matter how much the courts of this State have relied upon and used the publication titled Texas Penal Code as being law, that use can never be regarded as an exception to the Constitution. To support this publication as law, it must be said that it is "absolutely certain" that the framers of the constitution did not intend for titles and enacting clauses to be printed and published with all laws, but that they did intend for them to be all stripped away and concealed from public view when a compilation of statutes is made. Such an absurdity will gain the support or respect of no one. Nor cannot be speculated that a revised statute publication which dispenses with all titles and enacting clauses must be allowed under the constitution as it is more practical and convenient than the "Session Law" publication. The use of such speculation or desired exceptions can never be used in construing such plain and unambiguous provision.

There is of course no need for construction or interpretation of these provisions as they have been adjudicated upon, especially that dealing with the use of an enacting clause. The Supreme court of Texas has made it clear that Article 3 sec. 29 of our constitution "is mandatory, and that a statute without any enacting clause is void.", National Biscuit Co. v. State Civ. App. 129 SW2d 494. Being that the statute used against me are without enacting clauses and titles they are void, which means there is no offense, no valid indictment and thus no subject matter jurisdiction.

The provisions requiring an enacting clause and one-subject titles were adhered to with the publications known as the "Sessions Laws" and "General Laws" for the state of Texas. But because certain people in government thought that they could devise a more convenient way of doing things without regard for provisions of the state constitution, they devised the contrivance known as the Texas Penal Code and then great deception upon the people of this state which is now revealed and exposed.

There is no justification for deviating from or violating a written constitution. The Texas Codes cannot be used as law, like the "Session Laws" were once used, solely because the circumstances have changed and we now have more laws to deal with. It cannot be said that the use and need of a revised statute without titles and enacting clauses must be justified due to expediency. New circumstances or needs do not change the meaning of constitutions, as Judge Cooley expressed:

A constitution is not to be made to mean one thing at one time, and another at some subsequent time when the circumstances may have so changed as perhaps to make a different rule in the case seem desirable. A principle share

of the benefit expected from written constitutions would be lost if the rules they established were so flexible as to band to circumstances or be modified by public opinion....(A) court or legislature which should allow a change in public sentiment to influence it in giving to a written constitution a construction not warranted by the intention of its founders, would be justly chargeable with reckless disregard of official oath and public duty; and if its course could become a precedent, these instruments would be of little avail....What a court is to do, therefore, is to declare the law as written. T.M. Cooley, A treatise on the constitutional limitations, 5th edition, pp. 54,55.

There is great danger in looking beyond the constitution itself to ascertain its meaning and the rule for government. Looking at the constitution alone, it is not at all possible to find support for the idea that the publication called the Texas Penal Code is valid law of this State. The original intent of Article 3 sec. 29 and sec. 35 of the constitution cannot be stretched to cover their use as such. These provisions cannot now be regarded as antiquated, unnecessary or of little importance, since "no section of a constitution should be considered superfluous" The Constitution was written for all times and circumstance because it embodies fundamental principles which do not change with time.

Judges are not to consider the political or economic impact that might ensue from upholding the constitution as written. They are to uphold it no matter what may result, as that ancient maxim of law states: "Though the heavens may fall, let justice be done."

## MOTION

Based upon the above memorandum, the Accused moves that this action and cause be dismissed for lack of subject matter jurisdiction.

A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. United States v. Siviglia 835 Fed.2d 832,835 (1981), cases cited.

Nothing can be regarded as a law in this state which fails to conform to the constitutional prerequisites which call for an enacting clause and title. There is nothing in the indictment which can constitutionally be regarded as laws, and thus there is nothing in them which I am answerable for or which can be charged against me. Since there are no valid or constitutional laws charged against myself there are no crime that exist, consequently there is

18

no subject matter jurisdiction by which I can be tried in
the above named court.

### CAVEAT

I regard it is just and necessary to give fair warning
to this court of the consequences of its failure to follow
the constitution of Texas and uphold its oath and duty in
this matter, being that it can result in this court
committing acts of treason, usurpation, and tyranny. Such
trespasses would be clearly evident to the public,
especially in light of the clear and unambiguous provisions
of the constitution that are involved here which leave no
room for construction, and in light of the numerous
adjudications upon them as herein stated. The possible
breaches of law that may result by denying this motion are
enumerated as follows:

1. The failure to uphold these clear and plain
provision of our constitution cannot be regarded as mere
error in judgment, but deliberate USURPATION. "Usurpation is
defined as unauthorized arbitrary assumption and exercise of
power." To take jurisdiction where it clearly does not exist
is usurpation, and no one is bound to follow acts of
usurpation, and in fact it is a duty of citizens to
disregard and disobey them since they are void and
unenforceable.

No authority need be cited for the proposition that,
when a court lacks jurisdiction, any judgment rendered by it
is void and unenforceable. Hooker v. Boles, 346 Fed
2d. 285,286 (1965).

The fact that the Texas Codes have been in use for over
40 years cannot be held as a justification to continue to
usurp power and set aside the constitutional provisions
which are contrary to such usurpation, as Judge Cooley
stated:

Acquiescence for no length of time can legalize a clear
usurpation of power, where the people have plainly expressed
their will in the constitution. Cooley, Constitutional
Limitations, p. 71.

2. To assume jurisdiction in this case would result in
TREASON. Chief Justice John Marshall once stated:

"We (judges) have no more right to decline the
exercise of jurisdiction which is given, than to usurp that
which is not given. The one or the other would be treason to
the constitution. Cohens v. Virginia 6 Wheat (19 U.S.)
264,494 (1821)."

The judge of this court took an oath to uphold and support the Constitution of Texas, and its blatant disregard of that obligation and allegiance can only result in an act of treason.

3. If this court departs from the clear meaning of the Constitution, it will be regarded as a blatant act of TYRANNY. Any exercise of power which is done without the support of law or beyond what the law allows is tyranny.

It has been said, with much truth, "Where the law ends, tyranny begins." MERRITT v. WALSH, 104 U.S. 694, 702 (1881).

The law, the Constitution, does not allow laws to exist without titles or enacting clauses. To go beyond that and allow the Texas Penal Code to exist where the will and pleasure of those in government is followed rather than established law. It has been reqeatedly said and affirmed as a most basic principle of our government that, "this is a government of laws and not of men, and that there is no arbitrary power located in any individual or body of individuals." COTTING v. KANSAS CITY STOCK YARD Co., 183 U.S. 79,84(1907). The Constitution requires that all laws have inacting clauses and titles. If these clear and unambiguous provisions of the state constitution can be disregarded, then we no longer have a constitution in this state, and we no longer live under a government of laws but a government of men, i.e., a system that is governed by the arbitrary will of those in office. The creation of the Texas Penal Code is a typical example of the arbitrary acts of government which have become all the prevalent in this century. Its use as law is a nullity under our Constitution.

(TDCJ # 1694777)

WILLIAM HENRY FEARS, III      _William H. Fears III_
1697 FM RD 980
Huntsville, Texas 77343

UNSWORN DECLARATION

I, WILLIAM HENRY FEARS, III, presently incarcerated at the O.B. Ellis Unit Justice, Institutional Division, Walker County, Texas, states the above facts and matters alleged herein are true and correct. Sworn to on this the 29th day of October_____, 2020 under the penalty of perjury.

WILLIAM HENRY FEARS, III  (TDCJ #1694777)
1697 FM RD 980                     _William H. Fears III_
Huntsville, Texas 7733
ELLIS UNIT


_May the LORD bless thee !_

U.S. DISTRICT CLERK

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION.

PETITIONER: WILLIAM HENRY FEARS III.

Please file this petition in the said court, my five
dollar fee is in route to you I submitted my with-
drawal this morning 10·28·20. It will have to go
through the proper channels, the warden's office, and
then to my trust fund account, and they will with-
draw the funds and send you the payment. It
will be a to process but it should not be
too many days. Would you please notify me that
you have received this package.

This package contains:

1.) Two Identical Petitions for A WRIT OF HABEAS
CORPUS BY A PERSON IN STATE CUSTODY.

2.) One Separate MEMORANDUM and MOTION (19 pages)

My Address:

William H. Fears III
O.B. Ellis Unit # 1694777
   1697 Fm 980
Huntsville Tx.
      77343

William H Fears III

10·29·20

Thank you

May the Lord bless thee!

WILLIAM H. FEARS III
O.B. Ellis Unit #1694777
1697 FM 980
Huntsville Tx.
77343



Legal Mail

U.S. DISTRICT CLERK OFFICE

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION
300 Willow St., Suite 104
Beaumont Tx.
77701

CLERK, U.S. DISTRICT COURT
**RECEIVED**

OCT 3 0 2020

EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS