IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT  DIVISION

| | | |
|---|---|---|
| WILLIAM HENRY FEARS, III | § | |
| VS. | § | CIVIL ACTION NO. 1:20cv442 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner William Henry Fears, III, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable orders of this court.  The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that the petition be dismissed as barred by the applicable statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings.  Petitioner filed objections to the Report and Recommendation.  The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

A habeas petitioner may avoid the bar established by the statute of limitations by demonstrating he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386-92 (2013).  Petitioner stated in his petition that he was actually innocent of intoxication assault, the crime he was convicted of committing.  However, the Magistrate Judge concluded petitioner failed to show he was actually or factually innocent of that crime.

In his objections, petitioner states he did not intend to assert he was actually innocent of intoxication assault.  Instead, he states he was attempting to challenge the jurisdiction of the state trial court, a challenge which he asserts may be raised at any time.

Objections to the subject-matter jurisdiction of a federal court may be raised at any time. *Henderson v. Shineski*, 562 U.S. 428, 434 (2011). However, petitioner offers no legal support for

the assertion that a federal habeas petitioner can challenge a state trial court's jurisdiction at any time without regard to the applicable statute of limitations.  He cites two cases for the proposition that a challenge to subject-matter jurisdiction can be raised at any time.  The first case, *Matter of Green*, 313 S.E.2d 193 (N.C. App. 1984), involves an attempt to remove a child from the physical custody of the mother.  The second case, *Rodriguez v. Florida*, 441 So. 2d 1129 (Fla. Dist. Ct. App. 1983), involves the direct appeal of a criminal sentence.  Neither case is relevant to this proceeding and neither case demonstrates petitioner may avoid the limitations bar in the case before the court.

Petitioner does not challenge the Magistrate Judge's conclusion that his petition was filed after the applicable period of limitations expired.  In the absence of any authority allowing a habeas petitioner to challenge the jurisdiction of a state trial court at any time, the court must therefore conclude that this petition is barred by the applicable statute of limitations.

ORDER

Accordingly, petitioner's objections (document no.  5) are **OVERRULED**.  The findings of fact and conclusions of law of the Magistrate Judge (document no. 3) are correct and the report of the Magistrate Judge is **ADOPTED**.  A final judgment will be entered in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability.  An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253.  The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004).  To make a substantial showing, the petitioner need not demonstate that he would prevail on the merits.  Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolve in favor of the

petitioner.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, petitioner has not shown that the issue of whether his petition is barred by the applicable statute of limitations is subject to debate among jurists of reason.  The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further.  As a result, a certificate of appealability shall not issue in this matter.

**SIGNED this 4th day of October, 2021.**

Michael J. Truncale
United States District Judge